# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| COREY L. DIAMOND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CA 20-0073-CG-MU |
| | ) | |
| STATE OF ALABAMA, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

This action is before the Court on Plaintiff's *pro se* complaint (Doc. 1) and motion to proceed without prepayment of fees and costs (Doc. 2). This matter has been referred to the undersigned for pretrial disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and General Local Rule 72(a)(2)(S). Because Diamond has requested leave to proceed without prepayment of costs and fees (Doc. 2), this Court has the obligation to undertake a review of his complaint pursuant to the provisions of 28 U.S.C. § 1915(e). That statute instructs courts to dismiss any action when it is determined that an *in forma pauperis* applicant's suit is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Upon consideration of the pleadings, it is recommended that this action be **DISMISSED WITH PREJUDICE**, prior to service of process, because Plaintiff's purported claim against the State of Alabama (hereinafter "the State") is time-barred.[1]

---

[1] In light of this Report and Recommendation, the undersigned finds that Plaintiff's motion to proceed without prepayment of fees and costs (Doc. 2) is **MOOT**. The Court also notes that Plaintiff did not complete this Court's required form to proceed without

## **PLAINTIFF'S ALLEGATIONS**

On February 7, 2020, Plaintiff, proceeding *pro se*, filed a form complaint for violation of civil rights against the State wherein he seeks significant damages for events that allegedly occurred in "1998 or 1999" when the State would not allow him to drive an 18-wheeler. (Doc. 1 at pp. 4-5). Although Plaintiff does not clearly state the basis for his legal claim, he has filed his complaint on a form used for filing claims based on violations of civil rights under 42 U.S.C. § 1983; therefore, the Court is analyzing this complaint under that statute.

## **DISCUSSION**

Upon liberally construing Diamond's sparse complaint, as must be done,[2] the Court finds, based in large part on Plaintiff filing his complaint on a form used for asserting violations of civil rights, that Plaintiff is attempting to bring a claim against the State pursuant to 42 U.S.C. § 1983. Section 1983 provides, in relevant part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

*Id.* It is well established that the statute of limitations that applies to § 1983 actions filed in federal court in Alabama is two years. *See McNair v. Allen*, 515 F. 3d 1168, 1173

---

prepayment of fees and, therefore, did not provide the necessary information for the Court to rule upon the motion.

[2] "A document filed *pro se* is 'to be liberally construed,' ... and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]'" *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (citation omitted).

(11th Cir. 2008); *Burt v. Martin*, 193 F. App'x 829, 830 (11th Cir. 2006); *Byrd v. City of Daphne*, No. CA 11-0468-CG-C, 2012 WL 1036058, at *4 (S.D. Ala. Mar. 9, 2012). In his complaint, Plaintiff alleges that the actions giving rise to his claim occurred in 1998 or 1999, which was more than two years prior to the filing of his complaint on February 7, 2020; therefore, any claim asserted under § 1983 is time-barred. Accordingly, Plaintiff's § 1983 claim against the State is time-barred, and therefore, fails to state a claim upon which relief can be granted.[3]

In light of the foregoing, the Court finds that Plaintiff's complaint in this action is insufficient to survive the review required under 28 U.S.C. § 1915(e)(2)(B) and recommends that it be dismissed with prejudice prior to service of process.

## CONCLUSION

Based upon the foregoing, it is **RECOMMENDED** that this action be **DISMISSED WITH PREJUDICE**, prior to service of process, in accordance with 28 U.S.C. § 1915(e)(2)(B)(i), because Plaintiff's Complaint is barred by the applicable statute of limitations.

---

[3] "Usually, the statute of limitations is a matter to be raised as an affirmative defense." *Norman v. Drug Enforcement Admin.*, 2018 WL 7075293, *2 (M.D. Ala. Sept. 14, 2018), report and recommendation adopted, 2019 WL 254235 (M.D. Ala. Jan. 17, 2019). However, in an action under 42 U.S.C. § 1983, a court may consider, *sua sponte*, affirmative defenses apparent from the face of the complaint. *Clark v. Ga. Pardons and Parole Bd.*, 915 F.2d 636, 640 n.2 (11th Cir. 1990); *see also Ali v. Higgs*, 892 F.2d 438 (5th Cir. 1990). "[I]f the district court sees that an affirmative defense would defeat the action, a section 1915[] dismissal is allowed." *Clark*, 915 F.2d at 640. "The expiration of the statute of limitations is an affirmative defense the existence of which warrants a dismissal as frivolous." *Id.* at 640 n.2. In such cases, "the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Ali*, 892 F.2d at 440.

## **NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c)(1) & (2). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error, if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the **28th** day of **February, 2020**.

          s/P. Bradley Murray
          **UNITED STATES MAGISTRATE JUDGE**